UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAULA CONNER, | Case No.: 2:22-cv-01160-APG-DJA |
| Plaintiff | **Order** |
| v. | [ECF Nos. 16-19, 30] |
| GARY KELLY, et al., | |
| Defendants | |

Plaintiff Paula Conner is a flight attendant for Southwest Airlines Company. She sues Southwest and various company officers for a variety of claims arising out of the company's requirements that she wear a mask and be vaccinated. She requests that I reconsider my prior decision granting the defendants more time to respond to her complaint. The defendants oppose that motion and move to dismiss or to transfer the case to the United States District Court for the Northern District of Texas. They also move to strike a second response Conner filed in opposition to the defendants' motions to dismiss.

I deny Conner's motion to reconsider because there was no error in allowing the defendants additional time. I grant the motion to strike because it is unopposed. Finally, I grant the motion to transfer venue because the case originally could have been brought there and, in the interest of justice and the convenience of the parties and witnesses, transfer is appropriate. I deny the motions to dismiss without prejudice to the arguments being reasserted in the Northern District of Texas.

**I. MOTION TO RECONSIDER (ECF No. 16)**

Conner requests that I rescind my prior order granting the defendants an extension of time to respond to the complaint. She argues I should not have granted the extension because the

defendants had not timely responded after being served. The defendants respond that I had good cause to extend the deadline because they needed additional time to determine whether service was proper, investigate the legal and factual bases for Conner's claims, and prepare their responses. They also contend Conner identifies no prejudice from the two-week extension. Finally, the defendants argue that they are not in default because Conner never properly served them.

I deny Conner's motion to reconsider because I find no basis to change my decision. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The defendants set forth good cause to extend any applicable deadline in their motion. ECF No. 8. Requests to extend time are typically granted absent "bad faith or prejudice to the adverse party." *Tindall v. First Solar Inc.*, 892 F.3d 1043, 1048 (9th Cir. 2018). There is no evidence of bad faith or prejudice. Consequently, I deny Conner's motion.

**II.  MOTION TO STRIKE (ECF No. 30)**

Approximately one month after the parties completed briefing on the defendants' motions to dismiss and change venue, Conner filed a second opposition. ECF No. 28. The defendants move to strike it. Conner did not respond. I therefore grant the motion as unopposed. LR 7-2(d).

**III.  MOTION TO TRANSFER VENUE (ECF No. 18)**

Southwest moves to transfer venue under 28 U.S.C. § 1404(a) to the Northern District of Texas because venue is proper there, and the convenience of the witnesses and the interests of justice support transfer. Southwest argues that most of the witnesses and documents are in Texas, where Southwest and the individual defendants maintain their offices. Southwest contends that the only connection to Nevada is that Conner resides here, but it notes that Conner is a flight attendant who is based out of Illinois and travel is easier for her than might otherwise

be the case. The individual defendants join in the motion to transfer. ECF No. 20. Conner's only response is that transfer will "[p]romote corporate supremacy, corporate privilege in the Interests of corporate favoritism which would equal bias on behalf of this court, that's, unequal Justice." ECF No. 22 at 6.

A court may transfer a civil action to another district "[f]or the convenience of parties and witnesses, in the interest of justice . . . ." 28 U.S.C. § 1404(a). The transferor court may transfer only to a district or division where the action "might have been brought" originally or one "to which all parties have consented." 28 U.S.C. § 1404(a). The transferor court must find both that the action might have been brought in the transferee court and that the parties' and witnesses' convenience, in the interest of justice, favors transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). A suit "might have been brought" in a district if the "plaintiff has a right to sue in that district, independently of the wishes of defendant." *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (quotation omitted). The transferee court thus must be a proper venue and have personal jurisdiction over the defendant "when suit was instituted." *Id.* at 343 (quotation omitted); *see also Wash. Pub. Utils. Grp. v. U.S. Dist. Ct. for W. Dist. of Wash.*, 843 F.2d 319, 328 (9th Cir. 1987) (stating that "a district court must have both personal jurisdiction over the parties and venue to hear a case").

In determining whether transfer is convenient and in the interest of justice, factors to consider include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

3

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  There is no "exhaustive list of specific factors to consider," and courts "should weigh any case-specific factors relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (quotation omitted).  "Litigation of related claims in the same tribunal is favored in order to avoid duplicitous litigation, attendant unnecessary expense, loss of time to courts, witnesses and litigants, and inconsistent results." *Cambridge Filter Corp. v. Int'l Filter Co., Inc.*, 548 F. Supp. 1308, 1310 (D. Nev. 1982).  The party seeking the transfer bears the burden of showing transfer is appropriate. *In re Apple, Inc.*, 602 F.3d at 913.  Whether to transfer lies within the court's discretion. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007).

  This case could have been brought in Texas because venue would be proper, and all defendants are subject to personal jurisdiction there.  Conner challenges Southwest's corporate policies that emanated from its corporate offices in Texas, and all defendants are located there.

  Consequently, I consider whether transfer is convenient and in the interest of justice.  Several factors are neutral.  It is not clear where Conner was hired.  She states in the complaint that she signed an employment contract, but the parties do not address where that was signed and do not attach it to their filings.  Neither court would be more familiar with the governing law because Conner asserts federal claims, except for her claim for "agreement by tacit acquiescence by non-response of affidavit." ECF No. 1 at 26.  It is unclear under what law this claim is asserted.  The availability of compulsory process to compel attendance of unwilling non-party witnesses is also neutral.  Conner does not argue the point, so she does not identify any witnesses that may bear on this factor.  Although Southwest contends it would be easier for it to fly

Southwest employee witnesses to Texas, Southwest operates in Nevada and could just as easily fly its employees here.

Conner's choice of forum weighs in favor of keeping the case in Nevada. But the remaining factors strongly weigh in favor of transfer. First, the respective parties' contacts with the forum weigh in favor of transfer. Southwest operates in Nevada, but there is no evidence that any of the individual defendants have Nevada contacts. Indeed, they have moved to dismiss for lack of personal jurisdiction. ECF No. 19. In support of that motion, each of them attests to a lack of significant Nevada contacts. ECF Nos. 19-1 through 19-5. If this court lacks personal jurisdiction over these defendants (and it appears that is the case), I would either dismiss them or sever Conner's claims against them and transfer those claims to Texas. Such piecemeal resolution of Conner's claims weighs in favor of transferring the entire case to Texas.

The contacts relating to Conner's claims in Nevada also favor transfer. Although Conner lives here, her claims arise out of nationwide polices Southwest adopted at its Texas corporate offices, and the incidents where she lost wages due to her refusal to wear a mask appear to have happened in locations other than Nevada or Texas. *See* ECF No. 1-2 at 30, 32-34. Conner does not assert that the cost of litigating in Texas would be burdensome. The defendants note that Conner is pro se, so she will not have to hire a Texas attorney, and she has economical means to travel as a flight attendant. Finally, the ease of access to sources of proof weighs in favor of transfer. Again, the only connection to Nevada is that Conner lives here. But her employment records are in Texas, and the policies she challenges were adopted in Texas and implemented nationwide.

/ / / /

/ / / /

The defendants have met their burden of showing that transfer is appropriate. I therefore grant the motion to transfer venue. I deny the defendants' motions to dismiss, without prejudice to them reasserting those arguments before the district court in Texas.

**IV. CONCLUSION**

I THEREFORE ORDER that plaintiff Paula Conner's motion to rescind order **(ECF No. 16) is DENIED**.

I FURTHER ORDER that the defendants' motion to strike **(ECF No. 30) is GRANTED** as unopposed. The clerk of court is instructed to strike ECF No. 28.

I FURTHER ORDER that defendant Southwest Airlines Company's motion to transfer **(ECF No. 18)** and the individual defendants' joinder **(ECF No. 20) are GRANTED**. The clerk of court is instructed to transfer this case to the United States District Court for the Northern District of Texas and to close this case.

I FURTHER ORDER that the defendants' motions to dismiss **(ECF Nos. 17, 19) are DENIED** without prejudice to reasserting them in the Northern District of Texas.

DATED this 6th day of April, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE