IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAULA CONNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-742-B-BN |
| | § | |
| GARY KELLY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Paula Conner, a flight attendant for Defendant Southwest Airlines, filed this *pro se* action in the District of Nevada against the airline and officers of the company (collectively, "Southwest") raising claims related to requirements that she wear a mask and be vaccinated.

After Conner's lawsuit was transferred to this federal district and division under 28 U.S.C. § 1404(a), *see* Dkt. No. 32, United States District Judge Jane J. Boyle referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), *see* Dkt. No. 44.

Multiple motions are now pending.

Conner has essentially moved to transfer this case back to the District of Nevada; and, related to this request, she then moved the Court to stay its entry of a scheduling order and filed other motions. *See* Dkt. Nos. 42, 43, 52, & 55. And the parties have briefed Conner's motions. *See* Dkt. Nos. 49-51 & 54.

After transfer to this district, Southwest again moved to dismiss Conner's

complaint, under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). *See* Dkt. Nos. 46 & 47. And, insofar as Conner's subsequent filings do not respond to this motion to dismiss, the deadline to file a response otherwise has passed. *See* N.D. TEX. L. CIV. R. 7.1.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny the request to reconsider the interlocutory order transferring Conner's lawsuit to this district, grant the motion to dismiss, dismiss the claims with prejudice, and thus terminate all other pending motions.

## Discussion

I. **The Court should deny the request to reconsider the interlocutory order transferring this lawsuit to this district under 28 U.S.C. § 1404(a).**

On April 6, 2023, the United States District Court for the District of Nevada entered an order granting Southwest's motion to transfer Conner's lawsuit to this district under Section 1404(a):

> Southwest moves to transfer venue under 28 U.S.C. § 1404(a) to the Northern District of Texas because venue is proper there, and the convenience of the witnesses and the interests of justice support transfer. Southwest argues that most of the witnesses and documents are in Texas, where Southwest and the individual defendants maintain their offices. Southwest contends that the only connection to Nevada is that Conner resides here, but it notes that Conner is a flight attendant who is based out of Illinois and travel is easier for her than might otherwise be the case. The individual defendants join in the motion to transfer. ECF No. 20. Conner's only response is that transfer will "[p]romote corporate supremacy, corporate privilege in the Interests of corporate favoritism which would equal bias on behalf of this court, that's, unequal Justice." ECF No. 22 at 6.
>
> A court may transfer a civil action to another district "[f]or the convenience of parties and witnesses, in the interest of justice ...." 28

U.S.C. § 1404(a). The transferor court may transfer only to a district or division where the action "might have been brought" originally or one "to which all parties have consented." 28 U.S.C. § 1404(a). The transferor court must find both that the action might have been brought in the transferee court and that the parties' and witnesses' convenience, in the interest of justice, favors transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). A suit "might have been brought" in a district if the "plaintiff has a right to sue in that district, independently of the wishes of defendant." *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (quotation omitted). The transferee court thus must be a proper venue and have personal jurisdiction over the defendant "when suit was instituted." *Id.* at 343 (quotation omitted); *see also Wash. Pub. Utils. Grp. v. U.S. Dist. Ct. for W. Dist. of Wash.*, 843 F.2d 319, 328 (9th Cir. 1987) (stating that "a district court must have both personal jurisdiction over the parties and venue to hear a case").

In determining whether transfer is convenient and in the interest of justice, factors to consider include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). There is no "exhaustive list of specific factors to consider," and courts "should weigh any case-specific factors relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (quotation omitted). "Litigation of related claims in the same tribunal is favored in order to avoid duplicitous litigation, attendant unnecessary expense, loss of time to courts, witnesses and litigants, and inconsistent results." *Cambridge Filter Corp. v. Int'l Filter Co., Inc.*, 548 F. Supp. 1308, 1310 (D. Nev. 1982). The party seeking the transfer bears the burden of showing transfer is appropriate. *In re Apple, Inc.*, 602 F.3d at 913. Whether to transfer lies within the court's discretion. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007).

This case could have been brought in Texas because venue would be proper, and all defendants are subject to personal jurisdiction there. Conner challenges Southwest's corporate policies that emanated from its corporate offices in Texas, and all defendants are located there.

Consequently, I consider whether transfer is convenient and in

the interest of justice. Several factors are neutral. It is not clear where Conner was hired. She states in the complaint that she signed an employment contract, but the parties do not address where that was signed and do not attach it to their filings. Neither court would be more familiar with the governing law because Conner asserts federal claims, except for her claim for "agreement by tacit acquiescence by non-response of affidavit." ECF No. 1 at 26. It is unclear under what law this claim is asserted. The availability of compulsory process to compel attendance of unwilling non-party witnesses is also neutral. Conner does not argue the point, so she does not identify any witnesses that may bear on this factor. Although Southwest contends it would be easier for it to fly Southwest employee witnesses to Texas, Southwest operates in Nevada and could just as easily fly its employees here.

Conner's choice of forum weighs in favor of keeping the case in Nevada. But the remaining factors strongly weigh in favor of transfer. First, the respective parties' contacts with the forum weigh in favor of transfer. Southwest operates in Nevada, but there is no evidence that any of the individual defendants have Nevada contacts. Indeed, they have moved to dismiss for lack of personal jurisdiction. ECF No. 19. In support of that motion, each of them attests to a lack of significant Nevada contacts. ECF Nos. 19-1 through 19-5. If this court lacks personal jurisdiction over these defendants (and it appears that is the case), I would either dismiss them or sever Conner's claims against them and transfer those claims to Texas. Such piecemeal resolution of Conner's claims weighs in favor of transferring the entire case to Texas.

The contacts relating to Conner's claims in Nevada also favor transfer. Although Conner lives here, her claims arise out of nationwide polices Southwest adopted at its Texas corporate offices, and the incidents where she lost wages due to her refusal to wear a mask appear to have happened in locations other than Nevada or Texas. *See* ECF No. 1-2 at 30, 32-34. Conner does not assert that the cost of litigating in Texas would be burdensome. The defendants note that Conner is *pro se*, so she will not have to hire a Texas attorney, and she has economical means to travel as a flight attendant. Finally, the ease of access to sources of proof weighs in favor of transfer. Again, the only connection to Nevada is that Conner lives here. But her employment records are in Texas, and the policies she challenges were adopted in Texas and implemented nationwide.

The defendants have met their burden of showing that transfer is appropriate. I therefore grant the motion to transfer venue. I deny the defendants' motions to dismiss, without prejudice to them reasserting those arguments before the district court in Texas.

*Conner v. Kelly*, No. 2:22-cv-01160-APG-DJA, 2023 WL 2842147, at *1-*3 (D. Nev.

Apr. 6, 2023).

"[A]n order transferring a case under 28 U.S.C. § 1404(a) is interlocutory." *Dingler v. Milestone Mgmt.*, No. 17-11217, 2018 WL 11337383, at *1 (5th Cir. Feb. 23, 2018) (per curiam) (citing *Stelly v. Employers Nat'l Ins. Co.*, 431 F.2d 1251, 1253 (5th Cir. 1970)).

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision ... [that] does not end the action.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting FED. R. CIV. P. 54(b)).

"Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing FED. R. CIV. P. 54(b)), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1995) (en banc)); *see also Dall. Cnty., Tex. v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 950 (N.D. Tex. 2014) ("'Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court,'" which should "determine 'whether reconsideration is necessary under the circumstances.'" (citations omitted)).

As this authority implies,

> [o]rdinarily, a motion for reconsideration is decided by the judge who made the original ruling. A unique situation occurs when a party seeks reconsideration of an order transferring a case to another district, and that case has already been transferred. This permits another district to

reconsider the previous district's order. Once the transfer occurs, the transferor court loses jurisdiction over the case.

*Personnel Staffing Grp., LLC v. Protective Ins. Co.*, 1:21-cv-1926-JPH-MG, 2022 WL 1471041, at *2 (S.D. Ind. May 9, 2022) (citing *Jones v. InfoCure Corp.*, 310 F.3d 529, 533 (7th Cir. 2002)); *see also De la Cruz v. Graber*, No. 3:14-cv-3486-D, 2015 WL 4508441, at *1 (N.D. Tex. July 24, 2015) ("When a case is transferred to a transferee district court, the transferor court loses all jurisdiction over the case." (citations omitted)).

And, although Rule 54(b) rests reconsideration of such an interlocutory order within the Court's discretion,

> the United States Court of Appeals for the Fifth Circuit has explained that, where a case is transferred to a court in this circuit by another federal court, "the decision of a transferor court should not be reviewed again by the transferee court," where "[s]uch an independent review would implicate those concerns which underlie the rule of repose and decisional order we term the law of the case," and where, "[i]f the motion to transfer is granted and the case is transferred to another district, the transferee-district should accept the ruling on the transfer as the law of the case and should not re-transfer except under the most impelling and unusual circumstances or if the transfer order is manifestly erroneous." *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) (internal quotation marks omitted). "Failure to abide the original transfer order contains the additional potential mischief of tossing cases back and forth to the detriment of an adjudication of the underlying merits of the case and respect due sister courts." *Id.*

*Carter v. H2R Rest. Holdings, LLC*, No. 3:16-cv-1554-N-BN, 2016 WL 4507459, at *2 (N.D. Tex. July 15, 2016), *rec. accepted*, 2016 WL 4494370 (N.D. Tex. Aug. 26, 2016); *see also Personnel Staffing*, 2022 WL 1471041, at *2 ("Though the court 'has the power to revisit prior decisions of its own or of a coordinate court in any circumstance,' it 'should be loathe to do so in the absence of extraordinary circumstances such as where

the initial decision was "clearly erroneous and would work a manifest injustice.'" This rule applies to decisions involving transfer because courts do not want to 'send litigants into a vicious circle of litigation.'" (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 816 (1988))).

Conner argues primarily that the Court should reconsider and reverse the April 6 interlocutory order – and effectively retransfer this lawsuit – because she disputes the Court's jurisdiction over her, but Conner also argues that returning this case to Nevada is appropriate because, among other things, she is entitled to her choice of venue; transfer to Texas imposes a burden on her; and trial in this district will unfairly benefit Southwest. *See, e.g.*, Dkt. No. 42.

Starting with Conner's dispute as to personal jurisdiction, another federal district court has described such a dispute in this context as "meritless." *Noetic Specialty Ins. Co. v. N.C. Mut. Wholesale Drug Co.*, 453 F. Supp. 3d 842, 844 n.2 (E.D. Va. 2020). The undersigned agrees.

There, like here,

the parties do not dispute whether the [transferee court] has personal jurisdiction and venue over [the] defendant[s], but the parties do dispute whether the [the transferee court] has personal jurisdiction and venue with respect to [the] plaintiff…. In this respect, the parties' dispute is meritless.

One scholar has argued that whether the transferee court has jurisdiction over the plaintiff should be relevant to the § 1404(a) analysis. *See* Scott Dodson, *Plaintiff Personal Jurisdiction and Venue Transfer*, 117 MICH. L. REV. 1463, 1464-67 (2019) (arguing that personal jurisdiction protects plaintiffs in venue-transfer cases). But that argument ignores the text of the statute, which allows transfer to a court where the case "might have been brought." 28 U.S.C. § 1404(a); *see also In re Genentech*, 566 F.3d 1338, 1346 (Fed. Cir. 2009) ("There is no requirement under § 1404(a) that a transferee court have jurisdiction

over the plaintiff or that there be sufficient minimum contacts with the plaintiff; there is only a requirement that the transferee court have jurisdiction over the defendants in the transferred complaint." (citing *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960))). Moreover, the remaining requirements of § 1404(a), namely the convenience of the parties and the interest of justice, address the concern that a plaintiff would be subject to an inappropriate forum via transfer.

*Noetic*, 453 F. Supp. 3d at 844 n.2; *accord Miller v. Grimberg*, No. 3:21-cv-3003-G-BT, 2023 WL 2825969, at *2 (N.D. Tex. Mar. 30, 2023) (citing Dodson, *supra*, at 1480 ("If the plaintiff files a case in federal court in a state either lacking serious connection to the lawsuit or otherwise under circumstances in which a transfer under § 1404(a) or even § 1406(a) is obvious, then the invocation of federal court under these circumstances could be construed as consent to the expected transferee court's personal jurisdiction."); *Noetic*, 453 F. Supp. 3d at 844 n.2), *rec. accepted*, 2023 WL 2842864 (N.D. Tex. Apr. 7, 2023).

Put another way, personal jurisdiction is no defense to inter-district transfer for the suing plaintiff, because "personal jurisdiction protects the right of a defendant to defend himself in a forum where he resides or conducts business" and thus "does not protect the right of a plaintiff to bring suit in a forum that is convenient for him." *Morrow v. Vertical Doors Inc.*, No. CV09-0256-PHX-DGC, 2009 WL 1698560, at *2 (D. Ariz. June 17, 2009).

And, consistent with personal jurisdiction's proper protective scope, "section 1404(a) requires the court to determine whether the proposed transferee district is one in which the suit might have been brought. Such a district is one in which upon commencement of the suit the plaintiff ha[d] a right to sue independently of the wishes of the defendant." *Blitz USA, Inc. v. Liberty Surplus Ins. Corp.*, No. 3:11-cv-

34-G, 2011 WL 1602718, at *3 (N.D. Tex. Apr. 27, 2011) (cleaned up); *see also Morrow*,

2009 WL 1698560, at *2 ("The Court finds that, as matter of law, a transferee forum

need not have personal jurisdiction over a plaintiff in order for transfer to be

appropriate under § 1404(a). The requirement of personal jurisdiction flows from the

constitutional commandment of due process. In general, due process requires that,

'in order to subject a defendant to a judgment in personam, he should have certain

minimum contacts with that forum.' The minimum-contacts concerns inhere when a

party is haled into court without its consent. The same concerns do not apply to a

plaintiff, even when an action is transferred away from a plaintiff's home venue,

because, barring a counterclaim, the plaintiff will not have judgment entered against

him in the new forum. Further, even if the plaintiff is subject to a counterclaim, the

'plaintiff chose to initiate the litigation enabling the counterclaim' and has in no sense

been haled into court against his will to defend himself. In short, the requirement of

personal jurisdiction protects the right of a defendant to defend himself in a forum

where he resides or conducts business. It does not protect the right of a plaintiff to

bring suit in a forum that is convenient for him." (cleaned up)); *Bull v. Ill. Union Ins.

Co.*, No. 16 C 11446, 2017 WL 3234374, at *3 (N.D. Ill. July 31, 2017) ("The relevant

question under § 1404(a) … is whether the plaintiff could have brought suit in the

transferee forum, for which personal jurisdiction over the plaintiff is not a

prerequisite. To that end, courts in this district have found personal jurisdiction over

the plaintiff irrelevant to a § 1404(a) transfer analysis." (citations omitted)).

But, even if personal jurisdiction over the plaintiff is relevant, again, its

concerns are accounted for by several of the Section 1404(a) factors. *See, e.g.*, *Noetic*, 453 F. Supp. 3d at 844 n.2. Considering those factors, none of Conner's arguments – alone or in combination – should cause the Court to reconsider the District of Nevada's thorough analysis set out above – particularly since the Court must apply law-of-the-case principles, as explained in *Christianson*, 486 U.S. at 817, 816, and *Cragar*, 706 F.3d at 505.

As the United States Supreme Court put it, in the related context of transfers under 28 U.S.C. § 1631, for lack of jurisdiction:

> [A]s "the doctrine of the law of the case is a heavy deterrent to vacillation on arguable issues," such reversals should necessarily be exceptional; courts will rarely transfer cases over which they have clear jurisdiction, and close questions, by definition, never have clearly correct answers. Under law-of-the-case principles, if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end. While adherence to the law of the case will not shield an incorrect jurisdictional decision should this Court choose to grant review, it will obviate the necessity for us to resolve every marginal jurisdictional dispute.

*Christianson*, 486 U.S. at 819 (cleaned up).

And, here, it is not even a close question. The District of Nevada's decision to transfer this case under Section 1404(a)'s factors was more than plausible, thus ending the Court's inquiry.

## II.    The Court should grant the motion to dismiss under Rule 12(b)(6) and dismiss Conner's claims with prejudice.

Turning to the substance of Conner's claims, she explicitly alleges violations of the Thirteenth Amendment to the United States Constitution; 18 U.S.C. § 242; 42 U.S.C. § 1981; 21 U.S.C. § 360bbb-3(e)(1)(A)(ii); and 21 C.F.R. §§ 50.20, 50.23, and 50.24. Conner may also allege other claims under different theories. But none of her

claims survive Southwest's motion to dismiss under Rule 12(b)(6) for failure to state a claim on which relief may be granted.

And, so, the Court need not consider Southwest's alternative basis for dismissal, a Rule 12(b)(5) challenge to the method of service attempted by Conner.

And the Court need not allow Conner leave to amend her claims unless, through objections to these findings, conclusions, and recommendations (as further explained below), Conner shows how she can cure the deficiencies detailed below and thus demonstrate to the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant her leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

In deciding a motion requesting dismissal for failure to state a claim on which relief may be granted, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Such a motion is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe*

*City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

So, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *see also Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But it is plaintiff's "burden … to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

As these cases reflect, Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

In sum, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities*,

920 F.3d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citation omitted)).

"*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.3d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the

proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central

to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And a plaintiff may not amend his allegations through a response to a motion to dismiss. "[A] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g.*, *Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

Dismissal under Rule 12(b)(6) is proper because Conner has not carried her burden "to frame a 'complaint with enough factual matter (taken as true) to suggest' that … she is entitled to relief." *Robbins*, 519 F.3d at 1248.

First, Conner has not alleged a plausible claim under the Thirteenth Amendment, which would require facts to support the element of compulsion – that Conner was not free to resign from her employment.

"[P]recedents clearly define a Thirteenth Amendment prohibition of involuntary servitude enforced by the use or threatened use of physical or legal coercion." *United States v. Kozminski*, 487 U.S. 931, 944 (1988). And "[t]he Fifth Circuit defines involuntary servitude as 'an action by the master causing the servant

to have, or to believe he has, no way to avoid continued service or confinement.'" *Brooks v. George Cnty., Miss.*, 84 F.3d 157, 162 (5th Cir. 1996) (quoting *Watson v. Graves*, 909 F.2d 1549, 1552 (5th Cir. 1990)). So, "'[w]hen the employee has a choice, even though it is a painful one, there is no involuntary servitude,'" because the "prerequisite" "showing of compulsion" is missing. *Brooks*, 84 F .3d at 162 (quoting *Watson*, 909 F.2d at 1552); *see Crawford v. Louisiana*, Civ. A. No. 14-1190, 2015 WL 854035, at *3 (E.D. La. Feb. 26, 2015) ("Unless a plaintiff alleges that he does not have the option of leaving his job or was forced to work against his will, a Thirteenth Amendment claim must be dismissed." (citations omitted)).

Turning to Conner's claim under 18 U.S.C. § 242, criminal statutes generally will not create civil liability. *See, e.g.*, *Ennis Transp. Co. Inc. v. Richter*, No. 3:08-cv-2206-B, 2009 WL 464979, at *1 (N.D. Tex. Feb. 24, 2009) ("It is well established that generally there is no private cause of action for the violation of a federal criminal statute, and thus no jurisdiction for federal courts to preside over a suit between private parties when the only federal law allegedly violated is criminal. In rare circumstances, however, where a criminal statute has 'a statutory basis for inferring' the existence of a civil action, violation of a criminal statute may give rise to a private cause of action." (citations omitted)).

In this vein, "Sections 241 and 242 of Title 18 are titled Conspiracy Against Rights and Deprivation of Rights Under Color of Law, but '18 U.S.C. §§ 241 and 242 do not provide a basis for civil liability.'" *Mattes v. Carvajal*, No. 3:20-cv-1917-B-BN, 2020 WL 6586713, at *5 (N.D. Tex. Oct. 2, 2020) (quoting *Gill v. State of Tex.*, 153 F.

- 17 -

App'x 261, 262 (5th Cir. 2005) (per curiam) (citing, in turn, *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960))), *rec. accepted*, 2020 WL 6583021 (N.D. Tex. Nov. 10, 2020).

Similarly, to the extent that Conner sues Southwest based on violations of 21 U.S.C. § 360bbb-3(e)(1)(A)(ii), a statute that relates to emergency authorization for medical products, and 21 C.F.R. §§ 50.20, 50.23, and 50.24, regulations that concern clinical investigations by the U.S. Food and Drug Administration, neither the statute nor the regulations "apply at all to private employers" or "confer a private opportunity to sue [an] employer." *Bridges v. Hous. Methodist Hosp.*, 543 F. Supp. 3d 525, 527 (S.D. Tex. 2021) (dismissing Section 360bbb-3 claims under Rule 12(b)(6)), *aff'd*, 2022 WL 2116213 (5th Cir. June 13, 2022); *Stone v. FINRA*, ___ F. Supp. 3d ____, No. 4:22-cv-789-ALM-KPJ, 2023 WL 6221776, at *14 & n.7 (E.D. Tex. Sept. 25, 2023) ("Plaintiff is simply not provided a private cause of action under 21 U.S.C. § 360bbb-3." Likewise, "[b]ecause 21 C.F.R. § 50.20 regulates the U.S. Food and Drug Administration and agency rules standing alone cannot create implied causes of action, Plaintiff cannot state a claim under 21 C.F.R. § 50.20." (collecting cases, including *Bridges*)).

And Conner's claim under 42 U.S.C. § 1981, not based on unequal treatment due to race or class, is also not plausible.

Section 1981 "generally forbids racial discrimination in the making and enforcement of private contracts, including private employment contracts, whether the aggrieved party is black or white." *Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340,

342 (5th Cir. 1981) (citations omitted).

The statute "guarantees to '[a]ll persons within the jurisdiction of the United States ... the same right ... to make and enforce contracts ... as is enjoyed by white citizens.'" *Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 399 (5th Cir. 2021) (quoting 42 U.S.C. § 1981(a)).

And, "[w]hile the statute's text does not expressly discuss causation, it is suggestive," such that, "[t]o prevail, a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1015, 1020 (2020); *see also Williams v. Waste Mgmt., Inc.*, 818 F. App'x 315, 325 (5th Cir. 2020) (per curiam) ("Although similar in some respects to Title VII, 42 U.S.C. § 1981 requires plaintiff's showing but-for causation." (citing *Comcast*, 140 S. Ct. at 1014)).

## Recommendation

The Court should deny Plaintiff Paula Conner's motion to reconsider the interlocutory order transferring her lawsuit to this district [Dkt. No. 42]; grant the motion to dismiss [Dkt. No. 46]; and enter judgment dismissing Conner's claims with prejudice under Federal Rule of Civil Procedure 12(b)(6) unless she demonstrates a basis to amend though timely objections to these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 31, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE